Every aspect of this case shows why pro se appellants are often given deference. There was no plaintiff discovery. There was no preparation and very inappropriate responses to the discovery, particularly the deposition because of misunderstanding by the plaintiff. There was a failure to calculate the need to deal with the bankruptcy disclosure, even though it may have been harmless. And there was a failure to ask for a delay when a dispositive motion was made. At the beginning, we acknowledged the case as dealing with judicial estoppel in bankruptcy. And we acknowledged, particularly the Van Horn case, that there needs to be a review of whether there was clearly inconsistent results in cases, whether or not either court might be misled, and whether or not the plaintiff might derive an unfair advantage. I would point out to the court that counsel was totally unaware that there was a bankruptcy until I saw the brief. I did not represent the client during the trial. I took over the case later on. Counsel, I want to step back just one moment and find out from you what's left in this case. It seems to me, based on the record, I want you to tell me if I'm wrong, that you really just have the three supervisors left in the case. Is that your understanding? And all that's left from what I can tell is a request for injunctive relief. Is that correct? That's basically correct, Your Honor. So given that your client is now not under the supervision of those three supervisors, what form of injunctive relief could the court order? At this point, there's no prospective injunctive relief that would be sufficient for her. Okay. So is there any sort of retrospective injunctive relief, back pay, or any kind of equitable relief? Yes. She believes that she's entitled to back pay. She believes she's entitled to both lost wages and damages for losses that she had while she was at work. And are those particular, those latter forms of relief, are those still alive in the case? Or I know the district court, because your client proceeded pro se below, the district court recharacterized a number of things or narrowed the case considerably. Are those things you just mentioned still alive in the case? I believe they're still alive, but again, yes, Your Honor, I believe they're still alive. Well, if they are not, and I know that you disagree with that, but if they are not, I'm having trouble seeing why this case isn't moot. If there's nothing that the court can order, because your client is no longer being supervised by these three supervisors, then what's left, I mean, even if you grant relief, there's no relief to be given. If those things are not alive, then there's nothing the court can order. Okay. Thank you. As I indicated, in this case, I heard about the bankruptcy after the case was, after the appellee had made its brief. It is my understanding that the trustee is prepared to reopen the case. The case actually is not, the debts have not been discharged. They're prepared to re-sponsor this litigation if the case is sent back. So that in that case, we would ask that the court to find that the three Van Horn conditions are not met. But going forward, I think the issue is, was there adverse action harming this appellate? And I believe the simplest thing to do is to look at the, in the file, there was a, two functional job descriptions. One on page 435 and 436 of the record, and one on page 505-01. Looking at those, just perusing them briefly, you see that on one, the job duties, document scanning, document preparation, perform scanning services, administrative support for the scanning service. Those are the job summaries there. If you go through the job duties, that's what's there. On the other one, the one that she's complaining about being removed from, the duties are coordinating office activity, researching, preparing reports, developing, revising policy and procedure. It's clear that if you look at the line of cases that this court has done, that there was an adverse action. She was moved from one position where she was in a position using judgment to a position where she was doing heavy lifting. And clearly, one of the things we have to look at, that she was in a position that was an entry level position. Everything you see here on this, that she's doing, someone straight out, not even out of high school, still in high school, can do without any problem. If you go back and look at the record, the record shows that up until now, only lower level black employees have been put in this position permanently. We're saying there was a demotion, effectively, from where she was to where she was put. Are we allowed to characterize that as a demotion, given that, well, let me ask you this. My understanding is there was no difference in pay, there was no difference in benefits. The core of your argument is that the duties were different and the duties, as you suggest, were inferior in some way to the duties she had before. Is that right? I would disagree on the question of whether or not there was a difference in just pay. First of all, there was a difference in pay, in the sense that she was now required to miss work days because of illness. She was hurt on the job. She was now required to miss days and lose pay. She had to pay money out of her pocket. That was a difference in benefit. In addition to that, she was moved from a career path. If you're applying for a position and one job says you pick up big boxes and scan, and another box says you run an office and you deal with professional folk, your chances of being... In fact, the record in this case shows that before she had been getting promotions when she had applied, here she's not. So I'm saying that we're not... You're just moved from one place to another, no loss. Here there is a loss. In fact, as it turned out, when she finally was going back, because of the time she had spent here, she's two levels below where she would have been. So all I'm saying is there was true loss here. Well, and we have case law that suggests that a minor change in working conditions doesn't suffice to be an adverse employment action. And I think your response, maybe I'm mischaracterizing it, is that this wasn't a minor change in working conditions, that things radically changed for your client, and therefore that case law is not on point. Would that be your argument? Yes, sir. And as you look at Montendon and Lettiger and the other cases in this circuit, where you move someone from one position or one office to another, they're doing more of the same thing, that's minor. Where you say that you have to work in this office versus another office, that's minor. But where you totally recharacterize the whole position, that's major. And you have to put it in the context, Your Honor, of here you had a case where this lady was picked out of nowhere. There's no indication that people who were more qualified, who had done this work before, wouldn't have accepted it, volunteered to do it with this great level. She didn't want it. So we're saying you have to put it in the context of what is being done, in the context of the other lawsuits and the other complaints being made. Well, assuming you have an adverse action, I think, by the way, that you're arguing cases that are superseded by Burlington Northern, which is actually a more favorable standard to you on adverse action. But assuming that there is an adverse action, didn't the agency have a legitimate non-discriminatory reason for assigning her to this temporary work? I'm sorry. No, that was my question. We think that they had an explanation. We don't think it was legitimate and non-discriminatory. If you go back, as I read the cases that I'm citing, even though there is a statement of a reason, the plaintiff has a right to go back and show that given all the other circumstances, that's not the real reason. And we're saying that in this case here, why pick this lady in the middle of her lawsuit when other people are acknowledging, we've done this, we can do this. What evidence do you have that it was connected to the lawsuit? I think the best evidence is the circumstantial evidence of what was going on in the office at the time. We have no proof that they said this is the reason. No direct evidence, but what's the circumstantial? Just the fact that she had the lawsuit going? You've got more than that, don't you? We have the fact that she had the lawsuit going. We have the fact that the supervisor made a point to say we want it up to this grade level. His supervisor suggested it be a lower grade level. He decided we want C-112 exactly where she is. There was no reason C-112 needs to scan paper. Was there anybody else in C-112? No one else went to this position. There were many other people in C-112. You mean in other divisions of the agency? No one else. With different supervisors, as I understood it. There were different supervisors of one person in this position, but what I'm saying is there were other people within her section who were at that level. There were other people who had less seniority than she had in her section who were not selected. Who had less seniority, but were they at the same level? There were others who were, as I understand it. First of all, there was not enough discovery in this case, so I don't know all of the facts. We're stuck with the same record you're stuck with. If there's no evidence of it, we can't really... But what I'm saying is in this case here, there were other people in the office who had done the work. We mentioned Zandra and Kim and others, in addition to the one who was in a different section. The other two were in her section. Would you like to save any time for rebuttal? Mr. Wendell, we'll hear from you. My name is Nick Wendell. I'm here on behalf of Arkansas DHS. Just starting out, addressing some of the issues brought up in the opening. As far as the bankruptcy issue, any monetary damages in this suit would properly belong to the bankruptcy estate. We would argue that Ms. Brazil doesn't have standing to bring any of those claims for the monetary damages. Besides that, there are no monetary damages in this case. There was not a change in position. There was not a change in salary. There was not a change in bonuses. There's simply no basis for it. Do you think Burlington Northern is the right standard, though, for determining whether there's an adverse action? Or do you even know what that case is? I'm not familiar with it. As far as the adverse action, I think that's a different issue, though, than the monetary damages. Oh, you're saying even if there were an adverse action, she doesn't have any actual damages? That's correct, Your Honor. What was the timing on the bankruptcy again? Was it filed before the lawsuit or while the lawsuit was pending? I think it was filed two or three months after the lawsuit was filed. Was the district court notified of it? I don't believe so. As far as the only actual claim besides the monetary damages would be an injunctive relief, which as was brought up, that would be a moot point. Now, Ms. Brazil is no longer supervised by these same three supervisors. In fact, I don't believe she's even still employed with DHS. I believe she's retired since now. Any injunctive relief would be moot. Is there any claim? You mentioned there's no claim for damages. You didn't mention back pay, but I'm wondering whether there's any kind of retrospective relief in terms of back pay that Ms. Brazil could receive. I don't see how there could be. There was no lost wages. There were no economic damages. I don't see what damages there could be. She stayed in the same position. Her salary stayed the same. She continued to get the same merit bonuses. I don't see where there's any economic damages in this case. Did they plead or try to prove the theory that the plaintiff now has on appeal, which is that I was in this new job. It caused injuries. It caused his client to miss work. Therefore, there were some damages in that way? I believe that was pleaded. I don't think there's any evidence, though, that this job caused those injuries. That seems kind of a little far reaching to make that assumption. I'm just trying to figure out if the case is moot. If essentially the only relief that's being requested or is still alive in the case is something that we can't order. We can't order any injunctive relief. I'm trying to explore to see if there's anything else out there. In my opinion, it's a moot case. I think another major deficiency that needs to be brought up here is Ms. Brazil essentially has two claims. She claims that she was transferred to the scanning room duties in retaliation for a lawsuit and is based on racial discrimination. If you look at Ms. Brazil's brief and the oral argument here today, all the focus is on the racial discrimination claim. All the facts that are mentioned in the brief are all related to that same claim. The problem with that is, as noted by the district court here, is Ms. Brazil has already abandoned the racial discrimination claims. In both her deposition and in her own pleadings, she stated that she does not believe the change in duties was a result of her race. She believes it was only because of the retaliation for the lawsuit. She has already abandoned those claims. There's been no response to that issue either today or in the brief. I think that's a major deficiency in this appeal. His headings are all about retaliation. I don't know what you mean that he only argues race discrimination. Correct. All the headings, there's mentions of the retaliation claim throughout, but as far as the actual facts that are brought up, as far as pretext, disparate treatment, any type of factual issue in this appeal, all the facts relate back to the racial discrimination claim. What about what he said today, that there were other people  In other words, people who hadn't filed lawsuits. That's a retaliation type argument, not a race argument. Correct. As to that issue, of course, not everyone can be assigned to this position. Someone had to be, but again, if you look at the record in this case, Ms. Brazil's supervisor, who was being accused of retaliating against her, initially wanted someone else for these duties, but he was overridden by someone higher up who was not Ms. Brazil's direct supervisor, so this really wasn't even his first choice as far as who to put in the scanning room duties. As to the retaliation claim, of course, if there's no direct evidence, as is the case here, then we go to McDonnell Douglas, the three steps. First would be the prima facie case. Of course, there's three steps to that. Before I get to that, I'd like to bring up just a few facts I think are relevant that were not brought up. First of all, this was not a transfer. This was just a temporary change in job duties. Ms. Brazil continued to receive satisfactory job reviews throughout this time, just as she had before. She continued to receive the same merit-based bonuses as she had before. I think it also needs to be noted that scanning duties were always a part of Ms. Brazil's job description. It wasn't something that she did frequently prior to this time period, but if you look at page seven of the addendum, the job description, scanning of files was part of this position, so it's not like she was being asked to do something that was totally foreign to her It needs to be noted that the assignment of scanning room duties did not occur until more than a year after this lawsuit was filed. Now, as to the retaliation claim, of course, the first step is that the plaintiff has to establish a prima facie case, which requires showing that she engaged in a protected activity, showing an adverse employment action, and showing a causal nexus between the activity and the employment action. There's no question that Ms. Brazil engaged in a protected activity by filing the lawsuit. However, we don't believe that there was any adverse employment action. As noted, she was not terminated. She wasn't demoted. There was no pay increase. There was not a huge change in her position. Just for a temporary period of time, she was asked to do scanning room duties because DHS, her division of DHS at that time, was switching to electronic based files, so this was something that needed to be done, and she was asked to do that temporarily. I asked opposing counsel about this, but some of our earlier cases talk about minor changes in working conditions, and opposing counsel says, no, this was a major change in working conditions, so much so that it was a major change and it affected her health and other such things. I know you say that they haven't proven that, but is there any merit to that, that this is such a fundamental change in working conditions that it constitutes an adverse employment action? No, I would disagree with that. In fact, if you look at the record of Ms. Brazil's deposition, she stated that she still performed most of the same job duties. She simply had some additional job duties in the scanning room, which again was always part of her job description. As far as the injuries she described, she was simply asked to scan documents. It was always part of her job description, but this was quite a bit different work than what she had been doing, as I understood it. That's her intention. She was doing scanning, she said before. She was kind of an office person. That's correct, and she continued to be an office person after this. She just had some additional duties there. There's a slight shift in the focus for a while. Do you think it was enough to dissuade a reasonable person from filing a lawsuit, if the consequence of filing a lawsuit was being assigned this scanning duty? I don't believe so. As I noted, Ms. Brazil was an administrative assistant, so scanning duties is not something that's totally outside the purview of that position to begin with. I don't see this being a material change in the job position or duties, really. Well, the question isn't whether it's a material change in the job duties. It's whether it would dissuade a reasonable person from filing a lawsuit to have this new job because it's close enough to what she's been doing. That's what I'd argue. And again, there's no change in pay, no change in bonuses, no change in performance reviews. I don't see how this would dissuade anybody from filing a legal action. The main problem with this case is there's no causal connection between the filing of the lawsuit and the scanning room duties. When Ms. Brazil was asked for any evidence, she admitted that she never heard any supervisor ever mention the lawsuit to her. She simply says it's her belief based on the filing of this lawsuit. I'm not aware of any precedent for when there's nothing but temporal proximity and that proximity is 14 months, that being alone enough to show a causal connection between an adverse employment action and a protected activity. I believe Ms. Brazil has failed to show a prima facie case. Even if she had, DHS has clearly shown there was a legitimate non-discriminatory reason for the assignment of the scanning room duties. As Ms. Brazil admitted herself, during this time period, her division was switching to electronic based records. There was obviously a great need for someone to do these duties, so there was a legitimate basis for doing this. A lot of these records were highly confidential, so I would disagree that this is something that any person entry level could do. This is something that you would want someone who has experience and can be trusted to do this position. Ms. Brazil was asked to do this. There was a legitimate reason for doing so. Again, as I mentioned earlier, Ms. Brazil's own supervisor did not initially choose her for this position. He initially wanted to assign the duties to a white female employee who had not filed a lawsuit against DHS, but he was So again, there's no evidence here of any pretext. So in conclusion... What about the fact that opposing counsel makes the point that on pretext that there were other lower level employees that could have done the job who had not filed a lawsuit that were not selected for this particular duty? Well, I don't believe that alone is enough to time between the filing of the lawsuit and the assignment of duties. But again, as I noted, these are highly confidential medical records. I don't think this is something that necessarily you would want a lower level employee to do. So I would disagree with the characterization of this being a demotion or some type of a low level position. Again, this is a scanning of files. It's something that an administrative assistant does. But in conclusion, I believe Ms. Brazil, as noted in the brief, she has abandoned her racial discrimination claim. And again, that issue has not been addressed by the appellant. She did not suffer any adverse employment action. She was not terminated. She was not demoted. Her pay was not cut. She did not lose any bonuses. So there's no adverse action here. So we would ask that the demissal of Ms. Brazil's claims be upheld and the order granting the motion for assembly judgment be affirmed. All right. Thank you, Mr. Wendell. Mr. Kearney, would you care to make a rebuttal? What do you have to say about the damages? Your Honor, two things. One, the characterization of the merit pay is multiplied by some algorithm that deals with the evaluation. One of her complaints is that she's getting evaluated lower than she should have been. So in the new position, she continued to get the same level of evaluation, but they're the lower level that she was getting while she complained from 2013 until now. So her pay is actually lower. That's number one. Number two is because she's put on a pass where she is not able to go up, she is still losing. So I'm still saying that she's losing. What do we do about the bankruptcy? I'll give you more time on the other point you wanted to make, but what are we going to do about the bankruptcy? Your Honor, we think that the three points are not met under the cases because there's been no, at this point, there has been no, she's not been discharged. The trustee is prepared if the case is sent back to bring the thing under bankruptcy. To do what now? To do what? To amend the petition in order to bring it under the bankruptcy trustee. What kind of bankruptcy did she file? It's a 13. Okay. But there's no problem with, and it was filed after this lawsuit was filed, right? So there's no problem with her continuing with the lawsuit, is there? In my view, there's not, because she has notified the bankruptcy. It's up to the bankruptcy court to deal with this, don't you think? Right. She has notified the bankruptcy court. She's a debtor in possession as a Chapter 13 filer, and the bankruptcy was filed after she filed. So in my mind, there's really no, I guess I'm asking, is there really a problem here? I don't think there's a problem. The bankruptcy trustee is now aware of this case, and so I don't see a problem at all with her going forward. Counsel, I wanted to ask you a follow-on to Judge Colleton's earlier question. I recall in one of the your eyes what was left in this case as being prospective injunctive relief only. It was an order of some months before the order at issue here. Is that a problem for you, or is that something we could overturn? Your Honor, I believe it could be overturned. Well, I think the judge was wanting to get rid of the case, but in my view, the issues that we are raising were always in the case. There was no one there to read the order you're referring to and ask for reconsideration at the time. If I may have just... She was pro se. Yes, that's correct. Until you got into the case. That's correct. And one other problem with this case, she moved to have counsel appointed, and that was never fully developed. If I may just have one moment. Nothing in the record says that Ms. Brazil was not the original person asked to. I'm saying if you read the record page by page, what was said earlier just isn't so. The record does not show that the supervisor wanted to appoint a white person to be in this position. There was some suggestion that that person would go along with this one, but never the only person. That's number one. Number two, nothing in the record suggests that this was temporary. If you're talking temporary, you do what the other folks actually did do, which is you allowed them to do this job while they keep their old FJD. When you change an FJD from one thing to another with nothing of the old work in the new FJD, you're not talking temporary. So this was a permanent position that was an adverse action. And we would ask the court to reverse the judicially decision. All right. Thank you for your argument. The case is submitted and the court will file an opinion in due course.